# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

MARCUSAZIA CHAMBERS,

        Plaintiff,

        v.

OFFICER GUTZMAN,

        Defendant.

Case No. 4:25-cv-00016-SLG

## **SCREENING ORDER**

On May 5, 2025, self-represented prisoner Marcusazia Chambers, also known as Apollo Knight,[1] ("Plaintiff") filed a civil complaint and an application to waive prepayment of the filing fee.[2] Plaintiff's claims relate to events that allegedly occurred while he was in the custody of the Alaska Department of Corrections ("DOC").[3] Plaintiff's Complaint alleges that on or about April 30, 2024, he entered into an agreement with Disciplinary Hearing Officer Gutzman ("Defendant"). Liberally construed, Plaintiff claims that he agreed not to appeal a disciplinary decision, and in exchange, Defendant would restore Plaintiff's lost good time credits after a one-month period. For relief, Plaintiff seeks restoration of his good time credits and $6,000 in damages.[4]

---

[1] Plaintiff's name was legally changed from Marcusazia Chambers to Apollo Anthony Knight in February 2025. *In the Matter of: Chambers, Marcusazia New Name: Knight, Apollo Anthony AKW,* Case No. 4FA-25-01219CI.

[2] Dockets 1-4.

[3] Docket 1 at 4.

[4] Docket 1 at 5.

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Plaintiff's Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint is DISMISSED. Although amendment is likely futile, Plaintiff is accorded **60 days** to file an amended complaint that attempts to correct the deficiencies identified in this order. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal, in which he elects to close this case.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[5] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

> (i)   is frivolous or malicious;
>
> (ii)  fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[6]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[7] However, a court is not

---

[5] 28 U.S.C. §§ 1915, 1915A.

[6] 28 U.S.C. § 1915(e)(2)(B).

[7] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the

Case No. 4:25-cv-00016-SLG, *Chambers v. Gutzman*
Screening Order
Page 2 of 17
Case 4:25-cv-00016-SLG   Document 4   Filed 10/06/25   Page 2 of 17

required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[8] Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[9] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[10]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[11] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[12]

---

benefit of any doubt).

[8] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[9] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[10] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[11] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[12] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 4:25-cv-00016-SLG, *Chambers v. Gutzman*
Screening Order
Page 3 of 17
Case 4:25-cv-00016-SLG   Document 4   Filed 10/06/25   Page 3 of 17

## DISCUSSION

I. **This Case is deficient because Plaintiff has not paid the Court's filing fee or filed a completed application to waive prepayment of the filing fee.**

At Docket 2, Plaintiff filed a motion to waive prepayment of the filing fee on a state court form. Plaintiff's motion is inadequate, as he does not include a "statement of all assets"[13] and fails to include a certified copy of his prison account statement for the six months immediately preceding the filing of the complaint.[14] For these reasons, Plaintiff's motion at **Docket 2 is DENIED without prejudice to filing a completed application that complies with federal law.**

Federal law only allows prisoners to waive *prepayment* of the fees associated with civil rights lawsuits.[15] Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[16] Should Plaintiff proceed with this case, the Court will issue a separate order on the collection of the filing fee.

II. **Requirements to State a Claim**

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the

---

[13] *See* 28 U.S.C. § 1915(a)(1) (requiring "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor").

[14] 28 U.S.C. § 1915(a)(2). *See also* Alaska Local Civil Rule 3.1(c)(3) ("Applications to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 must be fully completed and signed before an application to waive prepayment of fees will be considered. Prisoners must include a certified copy of their prison trust account statement, dating back six months.").

[15] 28 U.S.C. § 1915(a)-(b).

[16] 28 U.S.C. § 1915(b)(1)&(2).

Case No. 4:25-cv-00016-SLG, *Chambers v. Gutzman*
Screening Order
Page 4 of 17
Case 4:25-cv-00016-SLG    Document 4    Filed 10/06/25    Page 4 of 17

[complainant] is entitled to relief[.]"[17] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[18] To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[19] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[20]

Further, a federal court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim,[21] and it is not a court's responsibility to review filings or exhibits to identify possible claims.[22] A complaint must allege that the plaintiff suffered a specific injury as a result of the

---

[17] Fed. R. Civ. P. 8(a)(2).

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[19] *Id.* (quoting *Twombly*, 550 U.S. at 570). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[20] *Ashcroft,* 556 U.S. at 678.

[21] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[22] *Keenan v. Allan,* 91 F.3d 1275, 1279 (9th Cir. 1996) (noting that it is not a district court's task "to scour the record" for support for the parties' arguments). *Cf. Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1031 (9th Cir. 2001) (concluding that evidence supporting a party's filing should be "set forth in the ... papers with adequate references so that it could conveniently be found.").

Case No. 4:25-cv-00016-SLG, *Chambers v. Gutzman*
Screening Order
Page 5 of 17
Case 4:25-cv-00016-SLG    Document 4    Filed 10/06/25    Page 5 of 17

conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.[23]

### III. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[24] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[25] To be deprived of a right, the defendant's action must either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[26] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[27]

### IV. Background

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the Courtview records of the Alaska Court System.[28] On February

---

[23] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[24] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[25] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[26] *Gonzaga Univ. v. Doe,* 536 U.S. 273 (2002). *See also* Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[27] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[28] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); S*ee also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those

Case No. 4:25-cv-00016-SLG, *Chambers v. Gutzman*
Screening Order
Page 6 of 17
Case 4:25-cv-00016-SLG     Document 4     Filed 10/06/25     Page 6 of 17

12, 2024, Plaintiff was arrested and charged with five offenses.[29] Although the state court docket has not been updated with the results of the jury trial for each charge in that case, Plaintiff is scheduled to be sentenced on October 10, 2025,[30] and his filings in this case suggests he was convicted but not sentenced at the time he filed the Complaint.[31] However, at the time of the alleged events giving rise to his claims occurred in this case, Plaintiff was a pretrial detainee.

According to the Imposition of Sanctions form attached to Plaintiff's Complaint, on April 22, 2024, while detained at the Fairbanks Correctional Center ("FCC"), Plaintiff violated 22 Alaska Administrative Code § 05.400(b)(6), which describes "assault by a prisoner upon another prisoner under circumstances that create a substantial risk of serious physical injury" as a "major" infraction.[32] The form also indicates that at a disciplinary hearing on April 30, 2024, Plaintiff was sanctioned with a loss of 100 days of good time credit.[33] Plaintiff claims he made a contract with Defendant Gutzman in which they agreed Plaintiff would lose 100

---

proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[29] *State of Alaska vs. Chambers, Marcusazia,* Case No. 4FA-24-00284CR (filed 02/12/2024) (Charge # 1: Class A Misdemeanor AS11.41.230(a)(1): Assault In The 4th Degree - Recklessly Injure; Charge # 2: Class A Misdemeanor AS11.56.745: Interfere w/ Report of DV Crime; Charge # 3: Class B Felony AS11.41.210(a)(1): Assault 2 - Injury w/ Weapon, Intent; Charge # 4: Class C Felony AS11.41.220(a)(5): Assault 3 - Commit Assault 4, 2+ Convictions; Charge # 5: Class C Felony AS11.41.220(a)(1)(A): Assault 3- Cause Fear Of Injury w/ Weapon).

[30] *Id.,* Event 10/10/2025: Sentencing: Superior Court.

[31] Docket 1 at 4.

[32] 22 Alaska Admin. Code § 05.400(b)(6).

[33] Docket 1-1 at 8.

Case No. 4:25-cv-00016-SLG, *Chambers v. Gutzman*
Screening Order
Page 7 of 17
Case 4:25-cv-00016-SLG    Document 4    Filed 10/06/25    Page 7 of 17

days of statutory good time credit from April 30, 2024 through May 30, 2024 and Plaintiff would not appeal the sanction.[34] It is unclear what occurred on the date of the disciplinary hearing or why Plaintiff believes his good time credits would be restored after just one month. But Plaintiff claims that Defendant did not relieve Plaintiff of his sanctions on May 30, 2024, as allegedly promised, which Plaintiff claims has interfered with his ability to reach a plea agreement in his state criminal proceedings.[35]

On May 6, 2024, the State of Alaska charged Plaintiff with three criminal offenses—two counts of assault and one count of disorderly conduct—based on the events that occurred on April 22, 2024.[36] On November 18, 2024, the State dismissed the two assault charges in that case after Plaintiff pleaded guilty to one count of disorderly conduct in violation of Alaska Statute § 11.61.110(a)(5), which prohibits a person from challenging another to fight or engaging in a fight, except when acting in self-defense.[37] On November 21, 2024,[38] Plaintiff received a low-

---

[34] Docket 1 at 5.

[35] Docket 1 at 5.

[36] *State of Alaska vs. Chambers, Marcusazia*, Case No. 4FA-24-00826CR (filed 5/06/24; date of offense 4/22/2024).

[37] *State of Alaska vs. Chambers, Marcusazia*, Case No. 4FA-24-00826CR, Disposition Date 9/18/2024.

[38] Docket 1-1 at 2.

Case No. 4:25-cv-00016-SLG, *Chambers v. Gutzman*
Screening Order
Page 8 of 17
Case 4:25-cv-00016-SLG   Document 4   Filed 10/06/25   Page 8 of 17

moderate infraction. The State filed two additional criminal cases against Plaintiff on August 26, 2024[39] and April 6, 2025.[40]

On March 11, 2025, Plaintiff filed an Application for Restoration of Forfeited Statutory Good Time with the DOC.[41] DOC officials denied his request as premature and informed him he could apply again after April 24, 2025—one year after his major infraction.[42] In response to his grievance, DOC officials informed Plaintiff that the May 30, 2024 expiration date listed on the Imposition of Sanctions form was an error. In May 2024, Plaintiff had not yet been sentenced so he did not have a Time Accounting Record that could be adjusted at that time.[43] DOC officials further explained that the May 30, 2024 end date should not have been entered on the Imposition of Sanctions form because Plaintiff needed a one year period from his major infraction without any infractions before he would be presumed eligible for restoration of good time credits.[44]

Plaintiff does not include any information regarding whether he reapplied for restoration of his good time credits after April 24, 2025, and if so, what resulted

---

[39] *State of Alaska vs. Chambers, Marcusazia,* Case No. 4FA-24-01613CR, Filed 8/26/2024; Disposition 8/20/25 ("Dism. Plea Agreement in Another Case-CrR 43(a)(2).").

[40] *State of Alaska vs. Chambers, Marcusazia,* Case No. 4FA-25-00653CR, Filed 4/06/2025, Disposition 8/20/2025 (Plaintiff pleaded guilty to one count of unlawful contact in violation of Alaska Stat. § 11.56.750(a)(1)(A), and the second count was dismissed by the prosecutor).

[41] Docket 1-1 at 7.

[42] Docket 1-1 at 4.

[43] Docket 1-1 at 4.

[44] Docket 1-1 at 2.

Case No. 4:25-cv-00016-SLG, *Chambers v. Gutzman*
Screening Order
Page 9 of 17
Case 4:25-cv-00016-SLG   Document 4   Filed 10/06/25   Page 9 of 17

from that application. As noted above, Plaintiff has yet to be sentenced in the February 2024 case, but he has been convicted and sentenced in other cases. However, it is unclear whether the alleged loss of good time credits has affected the duration of his time to be served.

## V. Plaintiff's claims

Plaintiff alleges that his right to due process was violated when sanctions were agreed upon between him and Defendant Gutzman, but were not adhered to.[45] He also claims he has been badly assaulted when he has remained in custody. [46] For relief, he seeks $6,000 and a return of his "statutory good time as was our contract."[47]

### A. Due Process Claim

The Alaska Supreme Court and Court of Appeals have repeatedly held that the proper method for challenging DOC's calculation of a prisoner's sentence is through an application for post-conviction relief.[48]

While the Fourteenth Amendment does not guarantee a particular method of calculating prison sentences, "[w]hen the state itself creates a statutory right to release from prison, the state also creates a liberty interest and must follow minimum due process appropriate to the circumstances to ensure that liberty is not

---

[45] Docket 1 at 4.

[46] Docket 1 at 5.

[47] Docket 1 at 5.

[48] *Osborne v. State, Dep't of Corr.*, 332 P.3d 1286 (Alaska 2014). *See also* Alaska Criminal Rule 35.1; Alaska Stat. § 12.72.010

Case No. 4:25-cv-00016-SLG, *Chambers v. Gutzman*
Screening Order
Page 10 of 17
Case 4:25-cv-00016-SLG   Document 4   Filed 10/06/25   Page 10 of 17

arbitrarily abrogated."[49]  But courts have distinguished between an injury that is caused by a random unauthorized act by a prison official, which does not state a constitutional claim,[50] and a systemic violation of prisoners rights, such as when state officials used an incorrect method to compute a prisoner's release date, thereby prolonging prison sentences in violation of state law.[51]  Plaintiff's claim against Defendant Gutzman would appear to fall squarely into the first category of claims, which does not state a constitutional claim for damages under Section 1983.  While amendment is likely futile, Plaintiff will be given an opportunity to file an amended complaint to attempt to state a claim for violation of his right to due process.

### B. Assault Claim

Plaintiff alleges that he has been badly assaulted while in custody. However, he does not allege that it was Defendant Gutzman who used excessive force against him or that Defendant Gutzman failed to protect Plaintiff from being injured by another inmate.  The fact that Plaintiff is alleging that he remains in custody because Defendant did not restore Plaintiff's statutory good time is insufficient to state a cause of action for a violation of Plaintiff's constitutional rights.

---

[49] *Haygood v. Younger,* 769 F.2d 1350, 1355 (9th Cir. 1985).

[50] *Parratt v. Taylor*, 451 U.S. 527, 543 (1981) (holding no constitutional violation when prisoner was deprived of property under color of state law, but "the deprivation did not occur as a result of some established state procedure," but was instead the "result of the unauthorized failure of agents of the State to follow established state procedure").

[51] *Haygood,* 769 F.2d at 1359.

Case No. 4:25-cv-00016-SLG, *Chambers v. Gutzman*
Screening Order
Page 11 of 17
Case 4:25-cv-00016-SLG   Document 4   Filed 10/06/25   Page 11 of 17

Liability under Section 1983 requires a defendant's personal participation in the alleged unconstitutional treatment.[52]

## VI. Conclusion

For the foregoing reasons, Plaintiff's Complaint does not allege facts that, if accepted as true, support a plausible claim for relief for violations of federal constitutional rights. Although amendment is likely futile,[53] the Court grants Plaintiff leave to file an amended complaint that attempts to state a viable constitutional claim against Defendant Gutzman.

## VII. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[54] Any claim not included in the amended complaint will be considered waived. A complaint need only to allege sufficient factual matter, accepted as true, to state a plausible claim for relief.[55] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Although Plaintiff is being given an opportunity to file an amended complaint, he must not expand the scope of the case by alleging new

---

[52] *Leer v. Murphy,* 844 F.2d 628, 633 (9th Cir. 1988); *see also Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002) ("[T]here must be a showing of personal participation in the alleged rights deprivation.").

[53] *Cf. Williams v. California*, 764 F.3d 1002, 1018-19 (9th Cir. 2014) ("The fact that Plaintiffs have already had two chances to articulate clear and lucid theories underlying their claims, and they failed to do so, demonstrates that amendment would be futile."). *See also Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (dismissal without leave to amend is proper when amendment would be futile).

[54] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[55] Fed. Rule Civ. Proc. 8(a)(2).

Case No. 4:25-cv-00016-SLG, *Chambers v. Gutzman*
Screening Order
Page 12 of 17
Case 4:25-cv-00016-SLG     Document 4     Filed 10/06/25     Page 12 of 17

unrelated parties or claims. An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis.

An amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury occurred, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the complaint.[56] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

If Plaintiff chooses to file an amended complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation. Should any amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant Gutzman. Plaintiff must not attempt to serve Defendant Gutzman until the Court so orders.

---

[56] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 4:25-cv-00016-SLG, *Chambers v. Gutzman*
Screening Order
Page 13 of 17
Case 4:25-cv-00016-SLG    Document 4    Filed 10/06/25    Page 13 of 17

## VIII. The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[57] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[58] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, "the prisoner is under imminent danger of serious physical injury."[59] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[60] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[61] In addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[62]

---

[57] 28 U.S.C.A. § 1915(g).

[58] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[59] 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).

[60] *Andrews,* 493 F.3d at 1056 (cleaned up).

[61] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[62] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

Case No. 4:25-cv-00016-SLG, *Chambers v. Gutzman*
Screening Order
Page 14 of 17
Case 4:25-cv-00016-SLG   Document 4   Filed 10/06/25   Page 14 of 17

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED** with leave to file an amended complaint.

2. Plaintiff is accorded **60 days** from the date of this order to file either:

    a. <u>First Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

3. If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form within 60 days of the date of this order, this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) as a strike and without further notice to Plaintiff, for failure to state a claim.

4. Plaintiff's application to waive prepayment of the filing fee at **Docket 2** is incomplete and is therefore **DENIED.**

5. Should Plaintiff elect to proceed with this case, he must either pay the filing fee of $405.00 or file a completed and signed prisoner application to waive payment of the filing fee **on or before the date the amended complaint is filed**. The application must include an attached statement from Plaintiff's prison trust account for the six months preceding the date this case was filed.

Case No. 4:25-cv-00016-SLG, *Chambers v. Gutzman*
Screening Order
Page 15 of 17
Case 4:25-cv-00016-SLG   Document 4   Filed 10/06/25   Page 15 of 17

6. Federal law only allows the Court to waive a prisoner's *prepayment* of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[63] Should Plaintiff proceed with this lawsuit, the Court will issue a separate order for the collection of the filing fee from Plaintiff's prisoner trust account.

7. If Plaintiff is released from custody while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[64] Failure to comply may result in dismissal of this action.

8. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[65] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

---

[63] 28 U.S.C. § 1915(b)(1)&(2).

[64] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[65] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Case No. 4:25-cv-00016-SLG, *Chambers v. Gutzman*
Screening Order
Page 16 of 17
Case 4:25-cv-00016-SLG    Document 4    Filed 10/06/25    Page 16 of 17

9. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

DATED this 6th day of October, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 4:25-cv-00016-SLG, *Chambers v. Gutzman*
Screening Order
Page 17 of 17
Case 4:25-cv-00016-SLG    Document 4    Filed 10/06/25    Page 17 of 17