THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

MARCUSAZIA CHAMBERS,

    Plaintiff,

    v.

OFFICER GUTZMAN,

    Defendant.

Case No. 4:25-cv-00016-SLG

## ORDER OF DISMISSAL

On May 5, 2025, self-represented prisoner Marcusazia Chambers, also known as Apollo Knight,[1] ("Plaintiff") filed a Complaint and an incomplete application to waive prepayment of the filing fee.[2] The Court screened the Complaint, found it deficient, but granted Plaintiff leave to file an amended complaint or a notice of voluntary dismissal.[3] On November 21, 2025, Plaintiff filed a First Amended Complaint ("FAC").[4]

The Court has now screened Plaintiff's FAC in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Upon review, the FAC suffers from the same deficiencies identified in the Court's Screening Order regarding the initial Complaint.[5] Plaintiff

---

[1] Plaintiff's name was legally changed from Marcusazia Chambers to Apollo Anthony Knight in February 2025. *In the Matter of: Chambers, Marcusazia New Name: Knight, Apollo Anthony AKW,* Case No. 4FA-25-01219CI.

[2] Dockets 1-2.

[3] Docket 6.

[4] Docket 11.

[5] *See* Docket 6.

again fails to "include any information regarding whether he reapplied for restoration of his good time credits after April 24, 2025, and if so, what resulted from that application" or "whether the alleged loss of good time credits has affected the duration of his time to be served.[6] Additionally, Plaintiff did not comply with the Court's order to either pay the filing fee of $405.00 or file a completed and signed prisoner application to waive payment of the filing fee on or before the date he filed the FAC.

    For these reasons, the Court finds that the FAC must be dismissed for failure to state a claim. The Court further finds that allowing leave to file another amended complaint would be futile.[7] Plaintiff cannot seek restoration of his good time credits in a civil rights case.[8] When attacking "the validity of the fact or length of . . . confinement," an inmate's sole judicial remedy is a petition for writ of habeas corpus.[9] Further, Plaintiff cannot recover monetary damages based on loss of good time credits that lengthened his overall sentence unless the disciplinary proceeding "has been reversed on direct appeal, expunged by executive order,

---

[6] Docket 4 at 9-10.

[7] *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (affirming denial of leave to amend where amendment would be futile because the defects in the complaint could not be cured by additional factual allegations); *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (affirming denial of leave to amend where amendment would be futile because plaintiffs failed to allege a viable legal theory).

[8] *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005).

[9] *Preiser v. Rodriguez*, 411 U.S. 475, 487-90 (1973) *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that the sole remedy in federal court for a prisoner seeking restoration of good-time credits is a writ of habeas corpus).

Case No. 4:25-cv-00016-SLG, *Chambers v. Gutzman*
Order of Dismissal Upon Screening of the FAC
Page 2 of 3
Case 4:25-cv-00016-SLG    Document 6    Filed 03/02/26    Page 2 of 3

declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[10] To the extent Plaintiff seeks relief based on injuries other than the loss of good time credits, the FAC fails to plead facts sufficient to state a federal due process claim against Officer Gutzman, as was explained in the Court's Screening Order; another copy of which is enclosed with this order. Therefore, this case must be dismissed without leave to amend.

IT IS THEREFORE ORDERED:

1. This case is **DISMISSED.**

2. All pending motions are **DENIED as moot.**

3. With this order, the Clerk shall send a copy of the Court's Screening Order at Docket 4.

4. The Clerk shall issue a final judgment and close this case.

DATED this 2nd day of March 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[10] *Heck v. Humphrey*, 512 U.S. 477 (1994). *See also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (applying Heck to disciplinary convictions that result in the loss of good-time credits).

Case No. 4:25-cv-00016-SLG, *Chambers v. Gutzman*
Order of Dismissal Upon Screening of the FAC
Page 3 of 3

Case 4:25-cv-00016-SLG    Document 6    Filed 03/02/26    Page 3 of 3